Hazel V. Fulton v. Commissioner.
Fulton v. Commissioner
Docket Nos. 22963 and 23538.
United States Tax Court
1950 Tax Ct. Memo LEXIS 169; 9 T.C.M. (CCH) 527; T.C.M. (RIA) 50147; June 23, 1950
*169 Stephen Love, Esq., 134 N. LaSalle St., Chicago, Ill., for the petitioner. Paul Levin, Esq., for the respondent. TURNER Memorandum Findings of Fact and Opinion TURNER, Judge: The respondent has determined deficiencies in income tax against the petitioner for the years 1945 and 1946 of $2,614.23 and $3,553.27, respectively. The deficiencies are the result of disallowance of expense deductions claimed for 1945 in the amount of $7,430.60 and for 1946 of $11,436.30. Findings of Fact The income tax returns for 1945 and 1946 were the joint returns of Carl H. Fulton and Hazel V. Fulton, husband and wife, and were filed with the Collector of Internal Revenue in Chicago, Illinois. Carl H. Fulton died suddenly on August 8, 1947. Prior to November 15, 1943, Carl H. Fulton had been the owner of a corporation organized under the laws of the state of Illinois by the name of E. E. Fulton Company. The business of the company was that of manufacturing and retailing motion picture theater equipment. Its manufacturing business was discontinued in the early days of the depression and was never thereafter resumed. At that time it had on hand a substantial inventory of parts and replacements *170 and continued to hold that inventory for such sales opportunities as might occur. The corporation was dissolved by the state of Illinois on November 15, 1933. Thereafter the business was owned and operated by Fulton individually. By 1943 the business had dwindled to such an extent that the services of a bookkeeper or auditor were dispensed with. The few orders received for equipment, replacements or parts were filled by Fulton himself or the one remaining employee who served on a part time basis only. In 1945 and 1946 the business was located at 902 South Wabash Avenue, Chicago, Illinois. Part of its inventory was stored in the basement and on the third floor of the building. It occupied the entire seventh floor and such business as was done was conducted from there. The building was an ordinary loft building of no substantial proportions. Some of the larger equipment was in storage with the Equipment Storage Corporation at 7th and Ashland Streets. For the space occupied at 902 South Wabash Avenue, Fulton paid a rental in 1945 of $2,725. In 1946 he paid a rental of $2,760. During the two years for part time work he paid his one remaining employee, Homer C. Stiff, $15 per week, *171 or $780 for each year. The telephone bill was $11 per month. The electric light bill averaged $6 per month. The place was cleaned periodically at a cost of $5 per month. The payments to the Equipment Storage Corporation for storage of the heavy equipment were at the rate of $25 per month. Opinion Various and sundry conjectures might be indulged in with respect to the full story of Fulton's operation, one conjecture possibly being why an establishment which produced no substantial income would be continued for so long at a loss and with no apparent plans which might turn the operation into a profitable business, while another might be as to the relation, if any, between the expenditures made and the operations which did actually produce Fulton's income. Such questions have not been raised as issues in the case, however, and are not, therefore, before us for decision. In brief, the respondent has disallowed expense deductions claimed on the joint returns of Carl H. Fulton and Hazel V. Fulton of $7,430.60 for 1945 and $11,436.30 for 1946, and Hazel V. Fulton, the petitioner, has alleged that such disallowances were in error. She has presented such proof as she had and has substantiated *172 some portion of the deductions claimed for each year involved. She makes no claim that under the law there was not joint and several liability for the deficiencies in tax. She had no knowledge of the details or results of her husband's operations and it appears that no books or records of accounts were kept after 1943. The expenses proven have been set forth in our findings of fact and are to be given effect in recomputing the deficiencies herein. Decision will be entered under Rule 50.